IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY R. BOWER and GABRIELLE LYON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 16-03175-CV-S-BP |
| | ) | |
| JORDAN VALLEY HEALTH CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFF'S (1) MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND (2) MOTION TO APPOINT COUNSEL AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF JURISDICTION

Plaintiffs, acting pro se, ask the Court for leave to proceed *in forma pauperis*, (Doc. 1), and further request that the Court appoint counsel to represent them. (Doc. 2.) As set forth below, the Court concludes it lacks jurisdiction in this matter; therefore, both motions are **DENIED** and the case is **DISMISSED** without prejudice.

Plaintiffs' Complaint contains a section captioned "Jurisdiction," where they allege the Court has jurisdiction "based upon two things: Consumer Fraud by Medical Mal=practice [sic] by Federally funded Parties receiving Medicaid payments for low income patients who worked in collusion in this case in retaliation for prior lawsuits filed by Plaintiffs." (Doc. 1-3, p. 2.) The remainder of the Complaint appears under the heading "Statement of Claim," and describes Plaintiff's allegations that Defendants committed the torts of medical malpractice and defamation. The Complaint also alleges facts that may or may not be intended to serve as free-standing claims, such as Plaintiffs' allegations that Defendants falsified medical records. No federal claims are asserted.

Federal courts are courts of limited jurisdiction. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.,*, 511 U.S. 375, 378 (1994). Plaintiffs' jurisdictional statement implicates two possible bases for jurisdiction: the existence of a federal question, 28 U.S.C. § 1331, and diversity of citizenship. 28 U.S.C. § 1332. Neither of these provisions is satisfied.

Under § 1331, a district court has "jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." Typically, a case arises under federal law when federal law creates the cause of action. *E.g.*, *Gunn v. Minton,* 133 S. Ct. 1059, 1065 (2013). However, Plaintiffs do not assert any federal causes of action: all of their claims arise under state law. There is a "special and small" category of state claims that can be deemed to arise under federal law, but Plaintiffs' claims do not qualify for a variety of reasons, not the least of which is that no federal issues will be "necessarily raised" in this case. *See id.* The mere fact that one or more Defendants receive Medicaid or federal funds will not transform Plaintiffs' claims for medical malpractice and defamation into federal claims.

The Court lacks diversity jurisdiction because Plaintiffs and most (if not all) Defendants are citizens of Missouri. 28 U.S.C. § 1331(a)(1) (requiring that the suit be between "citizens of different States"); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("[D]iversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). Plaintiffs represent that they live in Missouri, and residence is prima facie proof of citizenship. Plaintiffs also allege "[a]ll Defendants are licensed by the State of Missouri," (Doc. 1, p. 1), but do not specifically say anything about Defendants' citizenship(s). However, the Court takes judicial notice of the Missouri Secretary of State's records, which establish that Defendant Jordan Valley Community Health Center ("Jordan

2

Valley") is a Missouri not-for-profit corporation.  Jordan Valley is, therefore, a citizen of Missouri.  28 U.S.C. § 1332(c)(1).  In addition, Plaintiffs have previously filed other suits asserting the same (or similar) claims against some of these Defendants, and those cases were dismissed because diversity of citizenship was lacking.  In particular, the Court notes the case of *Bower v. Jordan Valley Community Health Center*, *et al.*, Case No. 14-3226-CV-S-BP ("Case No. 14-3226"), in which Plaintiff Bower previously sought to assert these same claims against, among others, four Defendants named in this suit (including, obviously, Jordan Valley).[1]  The Court found diversity of citizenship was lacking because Bower admitted that she was a Missouri citizen and "Jordan Valley is a non-profit corporation incorporated in Missouri with its principal place of business in Missouri.  Thus, Jordan Valley is a Missouri citizen." (Case No. 14-3226, Doc. 33, p. 3.)  Similarly, Plaintiffs and at least one Defendant in this case are citizens of Missouri, so there is no diversity of citizenship.

Accordingly, Plaintiffs' motions for leave to proceed *in forma pauperis* and for appointment of counsel are **DENIED**.  This case is **DISMISSED** without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
Date: May 16, 2016          UNITED STATES DISTRICT COURT

---

[1] Defendants appearing in both cases are: Jordan Valley, Linda Climer, Matthew Stinson, and Tessa Coltrin.  The Court's Order dismissing Case No. 14-3226 observed that at that time Climer and Coltrin were also Missouri citizens.  Stinson's citizenship was not addressed.